# KRIEGER KIM & LEWIN LLP

500 Fifth Avenue
New York, NY 10110

Telephone: (212) 390-9550
www.KKLllp.com

May 3, 2021

By ECF

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>  Re: *Suedrohrbau Saudi Co. Ltd., and NACAP Pipeline & Energy Beteiligungs GmbH (NPLE) v. Bazzi et al.*, 19 Civ. 5130 (EK) (LB)

Dear Judge Komitee,

      On behalf of Defendants Riad and Souad Bazzi (the "Bazzis"), we write to request the sealing of seven exhibits – Plaintiff's Exhibits 4, 10, 12, 15, and 19, and Defendants' Exhibits 25 and 26 – out of the 35 exhibits that were admitted in evidence by the Court at the hearing on April 28, 2021.[1]  As explained further below, these seven exhibits contain sensitive personal information about Defendants and third parties.  Plaintiff does not oppose Defendants' request.

      Under the Second Circuit's three-step analysis for determining whether documents relating to a lawsuit must be made available to the public, the Court first determines whether the documents are "judicial documents, to which the public has a presumptive right of access." *Saint-Jean v. Emigrant Mortg. Co.*, No. 11 Civ. 2122 (SJ), 2016 WL 11430775, at *3 (E.D.N.Y. May 24, 2016) (citations omitted).  "Second, if the documents are judicial documents, the court must determine the weight of the presumption," with documents used by parties in connection with a dispositive motion on the merits subject to the strongest presumption of public access.  *Id.* (collecting cases).  "Third, once the weight of the presumption is determined, a court must balance competing considerations against it.  Countervailing factors include . . . the privacy interests of those resisting disclosure." *Id.* (citation omitted).

      Here, the seven exhibits which Defendants seek to seal are judicial documents with a substantial presumption of public access because they are being used by Defendants in connection with a dispositive – though not on the merits – legal issue pending before the Court. *See, e.g., In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 243 (S.D.N.Y. 2009) ("[T]rial, other court hearings, or motions and accompanying exhibits filed with the court" are judicial documents with "a strong presumption of public access." (citation omitted)); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (stating that documents used by parties to move for or oppose a summary judgment motion are subject to the strongest presumption of public access); *St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication of the merits . . . ." (citations omitted)).

---

[1] Defendants are not seeking to seal the remaining 28 exhibits admitted at the hearing.

However, countervailing privacy interests weigh in favor of sealing the seven exhibits, as applying redactions to protect the sensitive information would amount to redacting practically the entirety of these exhibits. Courts have recognized that "higher values" such as "sensitive patient information" and the "privacy of innocent third parties" can outweigh the public's right of access to court documents. *Travelers' Indem. Co. v. Excalibur Reinsurance Corp.*, No. 11 Civ. 1209 (CSH), 2013 WL 4012772, at *3 & n.6 (D. Conn. Aug. 5, 2013).

Plaintiff's Exhibits 4 and 15 contain Mr. and Mrs. Bazzi's 2007 visa applications. These documents include biographical information about the Bazzis, their parents and other family members, and their daughters, who are not parties to this lawsuit. In addition, the arguable relevance of these applications relates to the fact that the Bazzis applied for permanent residence in 2007, not on the specific content of these filings. Furthermore, Plaintiff's Exhibits 10 and 12 contain the Lebanese passports for two of the Bazzis' daughters. Courts have recognized the compelling privacy interests favoring the protection of such information, especially with regard to a third party. *See, e.g.*, *United States v. Zhong*, No. 16 Crim. 614 (DLI), 2018 WL 6176023, at *4 (E.D.N.Y. Nov. 26, 2018) (referring to sealed and redacted portions of H-1B visa applications); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("We have previously held that the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." (brackets and internal quotation marks omitted)); *Travelers' Indem. Co.,* 2013 WL 4012772 at *4 n.9 ("Non-parties' privacy interests may comprise a strong factor weighing against disclosure." (brackets and internal quotation marks omitted)).

Plaintiff's Exhibit 19 contains a detailed 240-page bank statement of Mr. Bazzi for the year 2020. A party has a strong interest in preventing disclosure of documents of this kind because bank records are among the most sensitive and private of one's documents. *See, e.g.*, *BAE Sys. Ship Repair Inc. v. Puglia Eng'g, Inc.*, No. 17 Civ. 1287 (RJS), 2017 WL 11568796, at *2 (S.D.N.Y. May 2, 2017) (sealing information relating to a bank account); *Amodeo*, 71 F.3d at 1051 (explaining that in determining the weight of the individual's privacy interest, courts should consider "the degree to which the subject matter is traditionally considered private rather than public," and noting that "[f]inancial records of a wholly owned business, family affairs, illnesses . . . and similar matters will weigh more heavily against access"). Accordingly, Mr. Bazzi is well within his rights to have these records filed under seal.

Defendants' Exhibits 25 and 26 contain the results of medical tests Mr. and Mrs. Bazzi each took in September 2019. "Medical information is among the types of information often made subject to a sealing order," *McGuirk v. Swiss Re Fin. Servs. Corp.*, No. 14 Civ. 9516 (CM), 2015 WL 13661685, at *1 (S.D.N.Y. Mar. 30, 2015), because "individuals have a considerable privacy interest in medical information . . . which surely are among an individual's most private matters," *United States v. Gotti*, No. 17 Crim. 127 (ARR), 2017 WL 5027990, at *1 (E.D.N.Y. Oct. 30, 2017) (internal quotation marks omitted).

For these reasons, the Bazzi family's privacy interests in these seven exhibits far outweigh the interest in public access to these documents, and they should be sealed. The parties further request that, to the extent these materials are relied upon by either party in the future, the Court permit these exhibits to be filed under seal.

                                                Respectfully submitted,
                                                KRIEGER KIM & LEWIN LLP

                                   By:    _/s/ Paul Krieger_____
                                                  Paul M. Krieger
                                                  Katherine Cheng

cc:     all counsel of record (ECF)